# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

MALCOLM JAMAL WILSON, #198886                                PLAINTIFF

VERSUS                                CIVIL ACTION NO. 2:17-cv-106-KS-MTP

GLORIA STEVENS, et al.                                        DEFENDANTS

## ORDER DENYING CLASS ACTION REQUEST

This matter is before the Court, sua sponte, for screening. *See* 28 U.S.C. § 1915(e)(2) and § 1915A. Plaintiff files this civil action pursuant to 42 U.S.C. § 1983. *See* Compl. [1] at 1. Plaintiff states in the relief portion of the Complaint [1] that "I am seeking this suit to be classified as a class action suit." *Id*. at 4. Plaintiff alleges that the conditions of confinements at the Jasper County Jail, Bay Springs, Mississippi, violate the constitutional rights of the inmates. *Id*. at 5-6. The Court liberally construing Plaintiff's Complaint will address his statement that he is bringing a class action.

Plaintiff as well as the other inmates referred to in the Complaint are inmates at the Jasper County Jail, Bay Springs, Mississippi. Compl. [1] at 5-6. Plaintiff complains about the general conditions of confinement of the Jasper County Jail. *Id*. Plaintiff also alleges that the constitutional rights of the detainees are being violated by the Jasper County court system, including the Jasper County Circuit Court. *Id*.

Having considered the Complaint, the Court finds that Plaintiff's attempt to institute a class action should be denied. Additionally, the Court finds that if the other inmates wish to pursue a Complaint relating to the conditions of confinement at Jasper County Jail, Bay Springs, Mississippi, each inmate must file a separate complaint.

I.   Class Action

"[T]he class action device exists primarily, if not solely, to achieve a measure of judicial economy, which benefits the parties as well as the entire judicial system. It preserves the resources of both the courts and the parties by permitting issues affecting all class members to be litigated in an efficient, expedited, and manageable fashion." *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 410 (5th Cir. 1998). To obtain class certification under Rule 23(a) of the Federal Rules of Civil Procedure, Plaintiff must satisfy the following requirements: "(1) numerosity (a 'class [so large] that joinder of all members is impracticable'); (2) commonality ('questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses 'are typical ... of the class'); and (4) adequacy of representation (representatives 'will fairly and adequately protect the interests of the class')." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997) (quoting Fed. R. Civ. P. 23(a)). Additionally, Plaintiff must show that the action is maintainable pursuant to Rule 23(b)(1), (2) or (3). *Id*. at 614.

Even though Plaintiff's allegations, liberally construed, assert questions of law that are common to all inmates at the Jasper County Jail, Bay Springs, Mississippi, he has not demonstrated that the remaining requirements for class certification are met. Therefore, the denial of class certification is appropriate. *See Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 n.4 (5th Cir. 2001) (citations omitted) (stating that Plaintiff has the burden of proof to establish that all four requirements of Fed. R. Civ. P. 23(a) are satisfied). Having reviewed the Complaint, the Court finds that it does not present allegations and arguments to meet the requirements of Federal Rule of Civil Procedure 23(a). As a result, this civil action will not be treated as a class action.

II.	Separate Complaints

The enactment of the "Prison Litigation Reform Act of 1995" (PLRA) militates against multi-plaintiff prisoner complaints. For example, prisoner plaintiffs proceeding *in forma pauperis* ("IFP") are required to pay the full amount of the filing fee and costs. 28 U.S.C. §§1915(b)(1) and (f)(2)(A). Prisoner plaintiffs who have on three or more prior occasions, brought frivolous or malicious complaints or complaints which failed to state a claim may not proceed IFP. 28 U.S.C. § 1915(g). Additionally, multi-prisoner plaintiff complaints present a variety of administrative and logistical problems not associated with other civil actions. *See Beaird v. Lappin*, No. 3:06-cv-967, 2006 WL 2051034, *3 (N.D. Tex. July 24, 2006) (citations omitted) (noting "impracticalities to include possible transfers of some plaintiffs, security, the need for each plaintiff to sign his own pleading and represent himself, the possibility of changes to documents during circulation among the plaintiffs, the possibility of coercion by other prisoners, and issues raised by the inmates' desire to meet within the prison to discuss joint litigation").

Moreover, "like all persons who claim a deprivation of constitutional rights," each plaintiff is "required to prove some violation of [his] personal rights." *Coon v. Ledbetter*, 780 F.2d 1158, 1160-61 (5th Cir. 1986) (citations omitted). Commingling the various claims of multiple plaintiffs makes it difficult for the court to discern how the alleged constitutional violation affected each plaintiff. Meritorious claims may be obscured by the frivolous.

With these concerns in mind, and with the objective of achieving judicial economy and maintaining efficient control of its docket, the Court finds that if the other inmates wish to pursue

a civil action concerning the conditions of confinement in the Jasper County Jail, Bay Springs, Mississippi, they may do so by filing a separate individual Complaint.[1]  Accordingly, it is

ORDERED that to the extent Plaintiff is seeking certification of a class action pursuant to Federal Rule of Civil Procedure 23 such a request is denied.  This case will proceed only as to the claims of Plaintiff Wilson.

SO ORDERED, this the    26th    day of September, 2017.

                                                      s/Keith Starrett
                                    UNITED STATES DISTRICT JUDGE

---

[1] An inmate who wishes to pursue a Complaint concerning the conditions of confinement at the Jasper County Jail, Bay Springs, Mississippi, may contact the Clerk, 701 N. Main Street, Suite 200, Hattiesburg, Mississippi 39401, and request forms to file such an action.